UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE, INC.,

   Plaintiff,

    v.

ALBERTO R. GONZALEZ, Attorney
General of the United States, *et al.*,

   Defendants.

Civil Action No. 06-966 (CKK)

**ORDER**

In consideration of the need to strike a balance between the strong presumption in this Circuit that the public has a right of access to court proceedings and filings, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("the courts of the country recognize a general right to inspect and copy public records and documents, including judicial records and documents"); *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991) ("The first amendment guarantees the press and public a general right of access to court proceedings . . . ."), with the real need of Plaintiff to protect its trade secrets, *see* Fed. R. Civ. P. 26(c) (recognizing the power of a court to protect from disclosure "a trade secret, or other confidential research, development, or commercial information"); *United States v. Gen. Motors Corp.*, 99 F.R.D. 610, 612-13 (D.D.C. 1983) (noting that documents containing trade secrets should be sealed), it is, this 19th day of June 2006, hereby

**ORDERED** that [5] Plaintiff's Motion to File the Complaint, Motion for Preliminary Mandatory Injunctive Relief, and All Subsequent Papers Under Seal is DENIED, as Plaintiff has failed to demonstrate "by an overriding interest" that such "cloture" is "narrowly tailored," *see*

*Washington Post*, 935 F.2d at 288; it is further

**ORDERED** that [15] Plaintiff's Amended Motion Regarding Its Motion to Seal is GRANTED-IN-PART and DENIED-IN-PART; specifically, the Court finds that Plaintiff's trade secrets and confidential information may be protected, while at the same time preserving the public's access to information about its governmental agencies and this Court, by simply redacting the Plaintiff's identity (listing the Plaintiff on all formal filings as "John Doe, Inc."), any identifying information about Plaintiff itself (such as its history, number of employees, names of its officers), and the identity of any parties with whom Plaintiff may do business in its quest to bring to market the generic drug at issue in this case; it is further

**ORDERED** that the Clerk's Office is to alter the name of this case on ECF to "John Doe, Inc. v. Alberto R. Gonzalez, in his official capacity as Attorney General of the United States; United States Department of Justice; Karen P. Tandy, in her official capacity as Administrator of the United States Drug Enforcement Administration; and United States Drug Enforcement Administration"; it is further

**ORDERED** that the Clerk's Office is to lock down all present filings in this case, except for the Court's May 30, 2006 Electronic Filing Procedures Order, the Court's June 5, 2006 Minute Order, the Court's June 6, 2006 Minute Order, the June 6, 2006 Minute Entry noting that a telephonic conference was held between the parties and the Court on the record, the Court's June 9, 2006 Minute Order directing that the Government should file a Surreply, and the Court's June 14, 2006 Minute Order directing Plaintiff to file a Surrebuttal, as none of these entries identify the business name of Plaintiff or any other revealing information; it is further

**ORDERED** that the parties are to send copies of all existing filings in one lump shipment on a disk or CD in PDF format to the Clerk's Office, United States District Court, attn: Joe Burgess, Room 1800; as directed above, these new paper copies sent to the Clerk's Office are to identify

Plaintiff as "John Doe, Inc." and redact the business name and any identifying information about either Plaintiff (such as certain company-specific information provided in its affidavits, *e.g.*, its history, number of employees, names of its officers) or any companies with which it does business; these new "redacted" filings will then be posted on ECF and available for public access; it is further

**ORDERED** that the parties are redact all future ECF filings in this manner, although these future filings may be directly posted on ECF by the parties; it is further

**ORDERED** that the parties are to provide this Court with unredacted, paper versions of all future filings.

**SO ORDERED**.

                                                    */s/*
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge