UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE, INC.,

   Plaintiff,

   v.

ALBERTO R. GONZALEZ, Attorney
General of the United States, *et al.*,

   Defendants.

Civil Action No. 06-966 (CKK)

**ORDER**

On June 29, 2006, this Court issued a Memorandum Opinion and Order denying without prejudice Plaintiff's Motion for Preliminary Mandatory Injunctive Relief; given the Court's conclusion that it lacked subject-matter jurisdiction over Plaintiff's claims, the Court dismissed Plaintiff's action without prejudice so that Plaintiff could either (1) further pursue its administrative remedies or (2) seek redress in an action before the United States Court of Appeals for the District of Columbia Circuit pursuant to 21 U.S.C. § 877. *See John Doe, Inc. v. Gonzalez*, Civ. No. 06-966 (CKK), 2006 WL 1805685 (D.D.C. June 29, 2006) (memorandum opinion and order denying without prejudice Plaintiff's motion for a preliminary injunction and dismissing without prejudice Plaintiff's action).

Following the Court's decision, Plaintiff – on July 5, 2006 – filed a [30] Motion to Vacate the Court's Dismissal Order in Order to Transfer the Case to the Court of Appeals. Plaintiff requests that this Court transfer its action to the Court of Appeals, rather than dismissing it without prejudice, pursuant to 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court . . . including a petition for review of administrative action . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other

such court in which the action or appeal could have been brought at the time it was filed or notice[.]

*Id*.  Plaintiff suggests that such a transfer would be the best course of action because (1) "[t]his Court found that the court of appeals has jurisdiction of this action under 21 U.S.C. § 877"; (2) a transfer would be "the most expeditious way for plaintiff to have an opportunity to seek relief from the irreparable harm it has described in its Motion for Mandatory Injunctive Relief," as "[a] transfer will eliminate the need to file a new action in the court of appeals"; and (3) pursuant to 21 U.S.C. § 877, Plaintiff only has 30 days following the agency's denial to seek redress before the Court of Appeals – a period which expires on July 12, 2006.  *See* Pl.'s Mem. in Supp. of Pl.'s Mot. to Vacate Dismissal Order and Instead Transfer at 2.[1]

When considering the jurisdictional problems that it faced with respect to Plaintiff's action, this Court considered the possibility of a Section 1631 transfer to the Court of Appeals, and discussed the fact that such a transfer actually was effectuated in the case of *Oregon v. Ashcroft*, 192 F. Supp. 2d 1077 (D.Or. 2002).  *See John Doe, Inc.*, 2006 WL 1805685 at *19.  The Court decided against such a transfer in this case, however, because of a problem overlooked by Plaintiff when it asserts that "[t]his Court found that the court of appeals has jurisdiction of this action under 21 U.S.C. § 877."  *See* Pl.'s Mem. in Supp. of Pl.'s Mot. to Vacate Dismissal Order and Instead Transfer at 2.  Namely, the fundamental problem is that this Court did not necessarily conclude that the Court of Appeals would have jurisdiction over Plaintiff's case at this time; instead, the Court discussed at length the possibility that the DEA's actions vis-á-vis Plaintiff might not be sufficiently

---

[1] The Government has not yet submitted a Response to Plaintiff's day-old motion, which is not styled as an "emergency" motion despite the apparent time pressure.  In the interests of justice, because Plaintiff faces a set window of opportunity to bring its action before the Court of Appeals, the Court shall rule on Plaintiff's motion absent any Response from the Government.

"final" at this time for federal court jurisdiction to take hold.  *See John Doe, Inc.*, 2006 WL 1805685 at *14-*17.  As such, the Court left open the possibility that the Court of Appeals might refuse to hear Plaintiff's claims (as presently situated) because of the APA's finality requirement. *Id*.  A transfer by this Court to the Court of Appeals would be an implicit recognition by this Court that it believed federal jurisdiction was proper at this time – which is not what this Court necessarily concluded.  *Id*.

Accordingly, the Court believes that dismissal without prejudice – giving Plaintiff the opportunity to re-file in the Court of Appeals, should that be their decision – remains the best course for this Court to take.  As explained in detail in the Court's June 29, 2006 Memorandum Opinion, either (1) the DEA's action is not final, and federal court jurisdiction does not attach at this time, or (2) the action was final, and jurisdiction properly rests with the Court of Appeals, pursuant to 21 U.S.C. § 877.  *See John Doe, Inc.*, 2006 WL 1805685 at *23.  Should Plaintiff decide that the agency action is final, Plaintiff can file a new action before the Court of Appeals.  Such a new filing does not appear to create any significant hardship, despite Plaintiff's claim otherwise, as Plaintiff has already constructed both its Complaint and its Motion for Injunctive Relief (as well as related, subsequent filings) before this Court, and may use this substantial work product as the foundation for its future filings.[2]  The Court sees no reason why Plaintiff's action cannot refiled within the remaining statutory time-frame, should that be Plaintiff's choice.  However, given the possible

---

[2] The Court notes that Plaintiff's previous filings took the position that the DEA's action with respect to its import permit application was "final" for the purposes of APA review.  The Government, in contrast, argued in the alternative, at times contending that the action was not final and that Plaintiff had failed to exhaust its administrative remedies, while asserting at other times that the action was final.  Plaintiff also responded to this "finality" argument in its filings before this Court.  As such, Plaintiff is well aware of this issue, which can be easily incorporated into its new filings before the Court of Appeals, should Plaintiff decide to bring such a new action before that court.

problems with APA "finality" faced by Plaintiff, as discussed in this Court's Memorandum Opinion, the Court refuses to stamp its imprimatur of support for federal jurisdiction over Plaintiff's case at this time by transferring the case to the Court of Appeals pursuant to Section 1631 based on the present record before this Court.

Accordingly, it is, this 6th day of July, 2006, hereby

**ORDERED** that [30] Plaintiff's [30] Motion to Vacate the Court's Dismissal Order in Order to Transfer the Case to the Court of Appeals is DENIED.

**SO ORDERED**.

                                                  /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge