UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, INC.<br><br>   Plaintiff,<br><br>   v.<br><br>ALBERTO R. GONZALES,<br>in his official capacity as<br>Attorney General of the United States, and<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>KAREN P. TANDY, in her official<br>capacity as Administrator of the<br>United States Drug Enforcement<br>Administration, and<br><br>UNITED STATES DRUG<br>ENFORCEMENT ADMINISTRATION<br>2401 Jefferson Davis Highway<br>Alexandria, VA 22301<br><br>   Defendants. | CIVIL ACTION NO. 1:06-CV-00966-CKK |

**MOTION TO FILE THE COMPLAINT, MOTION FOR PRELIMINARY
INJUNCTION, AND ALL SUBSEQUENT PAPERS UNDER SEAL**

Plaintiff John Doe, Inc.. ("Plaintiff"), pursuant to Local Rule 5.1(j), respectfully moves this Court to seal the Complaint, the Motion and Memorandum for Preliminary Mandatory Injunctive Relief and supporting papers filed contemporaneously herewith, and all papers subsequently filed in this action. The Complaint and the Motion papers, of necessity, reflect Plaintiff's highly confidential business strategy, namely, a product in Plaintiff's development

"pipeline." This is among the most highly sensitive and confidential information that a generic pharmaceutical manufacturer such as Plaintiff maintains. Indeed, Plaintiff expends considerable effort, time and expense identifying opportunities for generic drug development and manufacture, formulating strategies for the development, manufacture, marketing and sale of new generic drugs (from concept through FDA approval to commercialization), developing and maintaining relationships with vendors, suppliers, customers, and other pharmaceutical manufacturers, and manufacturing and marketing its products. If such information is disclosed or improperly used or disseminated, such information could be used against Plaintiff by its competitors to develop similar, if not identical, generic pharmaceutical products, deprive Plaintiff of first ANDA filing status and thereby deprive Plaintiff of the opportunity to establish name-recognition with respect to a particular drug product, divert Plaintiff's customers, and undermine the relationships Plaintiff has worked hard to establish with its vendors, suppliers, customers and collaborative partners. In short, if such information were to be disclosed to Plaintiff's competitors in the generic drug industry, irreparable harm of the nature that the preliminary injunction motion seeks to prevent would occur.

Therefore, Plaintiff respectfully requests that the Complaint, the Motion and Memorandum for Preliminary Injunction and supporting papers, and all papers subsequently filed by all parties in this action be sealed in order to protect Plaintiff's highly confidential business information from disclosure.[1]

---

[1] Due to the nature of the dispute, both Plaintiff's papers and the DEA's responding papers will, of necessity, be required to disclose the generic product at issue. Accordingly, Plaintiff requests that all of the parties' papers be filed under seal.

Respectfully submitted,

_____
Terence J. Lynam (Bar No. 253872)
Joseph P. Esposito (Bar No. 375507)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4045


Samuel H. Israel
Patrick J. Egan
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
(215) 299-2886

Attorneys for Plaintiff

Date: May 22, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALBERTO R. GONZALES, )<br>in his official capacity as )<br>Attorney General of the United States, and )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE )<br>950 Pennsylvania Avenue, N.W. )<br>Washington, D.C. 20530, )<br>)<br>KAREN P. TANDY, in her official )<br>capacity as Administrator of the )<br>United States Drug Enforcement )<br>Administration, and )<br>)<br>UNITED STATES DRUG )<br>ENFORCEMENT ADMINISTRATION )<br>2401 Jefferson Davis Highway )<br>Alexandria, VA  22301 )<br>)<br>Defendants. )<br> ) | CIVIL ACTION NO. 1:06-CV-00966-CKK |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO SEAL COMPLAINT, MOTION FOR PRELIMINARY
MANDATORY INJUNCTIVE RELIEF AND ALL SUBSEQUENT PAPERS**

In support of its Motion to Seal, Plaintiff submits this memorandum of points and authorities.

Plaintiff is keenly aware of, and has no desire to restrict unfairly, the public's common-law right of access to judicial proceedings and to inspect judicial records in civil matters. See,

e.g., Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); In re: Sealed Case, 237 F.3d 657, 666 (D.C.Cir. 2001); Johnson v. Greater Southeast Community Hospital Corp., 951 F.2d 1268, 1277 (D.C.Cir. 1991). As the United States Supreme Court has noted, however, "the right to inspect and copy judicial records is not absolute." Nixon, 435 U.S. at 598. The presumption of access may be rebutted after a weighing of the factors discussed by the United States Court of Appeals for the District of Columbia Circuit in United States v. Hubbard, 650 F.2d 293, 317-22 (D.C.Cir. 1980). These factors include: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. Id. See also Equal Employment Opportunity Commission v. National Children's Center, Inc., 98 F.3d 1406, 1409 (D.C.Cir. 1996); Cobell v. Norton, 157 F.Supp.2d 82, 88 (D.D.C. 2001).

The Complaint and Motion for Preliminary Mandatory Injunctive Relief contain Plaintiff's most highly sensitive and confidential trade secrets – the identification of a product in Plaintiff's development pipeline (see Affidavit of **[REDACTED]** attached as Exhibit "A", at ¶ 6). An analysis of each of the factors set forth in Hubbard indicates that an Order sealing the Complaint, Motion for Preliminary Mandatory Injunctive Relief and other court filings in this matter is appropriate and necessary. First, the public has virtually no need for the information. Plaintiff's competitors, on the other hand, would be able to use such information to harm Plaintiff. See **[REDACTED]** Affidavit, Ex. "A" at ¶ 6. Second, Plaintiff has consistently ensured that identity of its products in development (in particular, its generic Marinol® product)

is kept highly confidential and all of its collaborators that are working on the project are required to sign Confidentiality Agreements. See **[REDACTED]** Affidavit, Ex. "A" at ¶ 7. Third, Plaintiff, as the holder of the trade secret, strenuously objects to the disclosure of such information and has a substantial interest in protecting its trade secret. Indeed, this Court has recognized the importance of maintaining confidentiality of trade secrets. See In re: Vitamins Antitrust Litigation, 357 F. Supp.2d 50 (D.D.C. 2004). Fourth, Plaintiff has strong property and privacy interests in seeing that its trade secrets are not disclosed. Fifth, Plaintiff stands to suffer severe prejudice should its competitors learn of its product development plans. As more fully outlined in the **[REDACTED]** Affidavit, Plaintiff's competitors can use such information to develop a similar or identical product and deprive Plaintiff of becoming the first to the market. Id. at ¶ 6. Finally, the documents that contain the confidential information – the Complaint and Motion for Preliminary Mandatory Injunctive Relief – are critically important documents. The Court cannot proceed to decide the issues in this case without Plaintiff filing such documents with the Court.

While Plaintiff recognizes that, normally, the Court would look to seal only that portion of a confidential document which is necessary to protect a party, the unique facts of this case require that the Complaint, Motion for Preliminary Mandatory Injunctive Relief and other court filings be sealed in their entirety. The dispute in this case involves DEA's denial of an import permit to Plaintiff based on an interpretation of a regulation identifying the very product under development by Plaintiff (i.e., Dronabinol in sesame oil encapsulated in a soft gelatin capsule). Because Plaintiff's claims turn on the description of the product at issue in the regulations and Federal Register, there is no practical way to redact the identification of Plaintiff's product by referring to the product by a common name such as "the Generic Product." The product name

and its description in the regulations and Federal Register are inextricably intertwined with the issues to be decided in the case and a simple review of the pleadings would reveal the product at issue. Simply stated, there is no way short of sealing the pleadings to ensure that the identity of the product in Plaintiff's development pipeline is not disclosed in publicly filed documents.

As the Supreme Court stated, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon, 435 U.S. at 598. Moreover, "[t]he common-law right of inspection has bowed before the power of a court to insure that its records are not used ... as sources of business information that might harm a litigant's competitive standing." Id. at 598 (citations omitted). The District Court has recognized the parties' interests in protecting their trade secrets by maintaining sealed court records. United States v. General Motors Corporation, 99 F.R.D. 610 (D.D.C. 1983).

As required by Local Rule of Civil Procedure 5.1(j), in its moving papers and attached affidavit, Plaintiff has demonstrated the confidential nature of the materials at issue, addressed the legitimate private and public interests which warrant the relief sought, and explained the specific, serious injury that will likely result if the relief sought is not granted. Thus, for all the foregoing reasons, Plaintiff respectfully requests that the Court place the Complaint and Motion for Preliminary Mandatory Injunctive Relief under seal and require that all future filings be made under seal.

Respectfully submitted,

/s/
Terence J. Lynam (Bar No. 253872)
Joseph P. Esposito (Bar No. 375507)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4045


Samuel H. Israel
Patrick J. Egan
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
(215) 299-2886

Attorneys for Plaintiff