UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ALBERTO R. GONZALES,<br>in his official capacity as<br>Attorney General of the United states, and<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC  20530,<br><br>KAREN P. TANDY, in her official<br>capacity as Administrator of the<br>United States Drug Enforcement<br>Administration, and<br><br>UNITED STATES DRUG<br>ENFORCEMENT ADMINISTRATION<br>2401 Jefferson Davis Highway<br>Alexandria, VA  22301<br><br>    Defendants. | CIVIL ACTION NO. 1:06-CV-00966-CKK |

**PLAINTIFF'S SURREBUTTAL MEMORANDUM OF LAW IN
RESPONSE TO DEFENDANTS' SUBJECT MATTER JURISDICTION ARGUMENT**

Plaintiff, through counsel, hereby submits this Surrebuttal Memorandum of Law, pursuant to the Court's Order of June 14, 2006.  This memorandum addresses the argument raised by the defendants (the "DEA") for the first time in their surreply, that this Court lacks subject matter jurisdiction in this case based on 21 U.S.C. § 877.

## I. **Introduction**

The DEA's belated invocation of 21 U.S.C. § 877 is misplaced. This judicial review provision relates to "final determinations, findings, and conclusions of the Attorney General under this subchapter," and accordingly contemplates an administrative hearing, findings and conclusions by an administrative law judge, and final DEA agency action by the DEA Administrator (to whom the Attorney General has delegated his authority) at the conclusion of the administrative process. After such an administrative proceeding, review by the Court of Appeals for the D.C. Circuit is provided by § 877.

In this case, however, Plaintiff is not required to pursue such an administrative appeal because, as discussed in its opening brief, the Controlled Substances Act does not mandate administrative exhaustion and Plaintiff would continue to suffer irreparable harm by having to await the outcome of an administrative appeal. See Plaintiff's Memorandum of Law In Support of Its Motion for Preliminary Injunctive Relief ("Plaintiff's opening brief"), at 18-20. If such an administrative proceeding had occurred in this case, culminating in the "final determination" referred to in § 877, then the DEA's reliance on § 877 might have some merit, as the case would be in a more appropriate posture for review by the Court of Appeals. However, because the administrative proceeding contemplated by § 877 has not occurred and is not required, the grant of jurisdiction to the Court of Appeals in § 877 is not applicable. The District Court has jurisdiction to decide plaintiff's injunction motion, and the cases relied upon by the DEA do not lead to a different conclusion.

As explained below, the Supreme Court has made clear, in McNary v. Haitian Refugee Center, Inc., 498 U.S. 479 (1991), that the mere existence of a judicial review provision in a particular statute does <u>not</u> signal that <u>all</u> challenges brought under the statute must be brought pursuant to that particular judicial review provision. In a case such as this, where the statute-

2

specific judicial review provision by its terms does not apply to the kind of appeal sought by the aggrieved party, general federal question jurisdiction under 28 U.S.C. § 1331 remains available as an independent source of jurisdiction for the district court. See id. at 494.

**II. Argument**

The provisions of the Controlled Substances Act ("CSA") governing administrative adjudications contemplate proceedings before administrative law judges, followed by final agency action and a direct appeal to a federal court of appeals. For instance, 21 U.S.C. § 875 provides that "in carrying out his functions under this subchapter, the Attorney General may hold hearings, sign and issue subpoenas, administer oaths, examine witnesses, and receive evidence at any place in the United States." Section 877, in turn, provides that

> [a]ll final determinations, findings, and conclusions of the Attorney General under this subchapter shall be final and conclusive decisions of the matters involved, except that any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located upon petition filed with the court and delivered to the Attorney General within thirty days after notice of the decision.

21 U.S.C. § 877. In this case, however, there was no administrative appeal resulting in a "final determination" by the agency as contemplated by § 877; moreover, exhaustion of remedies was not required of Plaintiff in this case and would have resulted in severe prejudice to Plaintiff. See Plaintiff's Opening Brief, at 18-20. Because there was no resultant "final determination" by the agency in this case, § 877 does not apply and this Court has jurisdiction under 28 U.S.C. § 1331 to decide the instant motion for preliminary injunctive relief.

This Court addressed the very same issue in PDK Labs Inc. v. Reno, 134 F. Supp. 2d 24 (D.D.C. 2001). In PDK, the plaintiff (PDK) filed a complaint and motion for preliminary injunctive relief based upon a DEA letter denying PDK the right to request a hearing on the

3

DEA's denial of a "letter of non objection" to import certain List I chemicals. Id. at 26-28. In opposing PDK's motion for preliminary injunction, the DEA argued, among other things, that 21 U.S.C. § 877 vests exclusive jurisdiction in the courts of appeals to review the DEA's final decision to deny the requested hearing. Id. at 29. This Court rejected the DEA's jurisdictional challenge. Id. It held, instead, that the letter to PDK's counsel, even if it could be characterized as the DEA's final statement regarding PDK's right to a hearing, did not "constitute a final determination, finding, or conclusion within the meaning of [21 U.S.C] § 877." Id. Ultimately, this Court held that PDK had demonstrated it was likely to succeed on the merits of its claim and granted preliminary injunctive relief. Id. at 38.

Like the DEA's action against PDK, the informal telephone conference denial followed by the recent letter denial of Plaintiff's permit application does not constitute a final determination, finding, or conclusion within the meaning of 21 U.S.C. § 877. See PDK, 134 F. Supp. 2d at 29. Indeed, the DEA's recent letter advises Plaintiff of its right to request an administrative hearing on the denial, see Administrative Record at 117-118, making it clear that the "final determination" contemplated by § 877 has not occurred.

The cases cited by the DEA do not stand for the proposition that subject matter jurisdiction is lacking in this case. See DEA's Surreply at pp. 3-4. ALRA Laboratories, Inc. v. DEA, 54 F.3d 450 (7th Cir. 1995), involved an appeal from the DEA's denial of a manufacturer's license. The denial followed an administrative proceeding before the DEA that had lasted four and one half years.[1] Id. at 451. In Fry v. DEA, 353 F.3d 1041 (9th Cir. 2003), the DEA issued an Order to Show Cause why a controlled substances registration should not be revoked. Id. at 1042. Respondent had the opportunity to request a hearing, but failed to do so,

---

[1] If anything, ALRA highlights why preliminary injunctive relief is required in this case. If Plaintiff were to have to wait years for judicial review, the delay would effectively guarantee that Plaintiff would not be the first generic entrant on the market.

4

and the agency thereafter entered a final order revoking the registration. Id. In Oregon v. Ashcroft, 368 F.3d 1118 (9th Cir. 2004), the plaintiffs were challenging an official memorandum of the attorney general, which was characterized by the attorney general as an "interpretive rule" and was published in the Federal Register. Id. at 1120; see also Oregon v. Ashcroft, 192 F. Supp. 2d 1077, 1083-84 (D. Or. 2002). Finally, Nutt v. DEA, 916 F.2d 202 (5th Cir. 1990), involved the revocation of a physician's certificate to handle controlled substances. The order of revocation was published in the Federal Register. Id. at 203.[2]

In each of the above cases, judicial review under 21 U.S.C. § 877 was triggered either after some assertion of rulemaking by an executive branch official; after a full adjudicatory hearing, final agency action based thereon, and an appeal of such final agency action; or after the failure of a party to request an adjudicatory hearing followed by subsequent final agency action once the time for such requests expired. In this case, there has been no adjudicatory hearing, findings, or conclusions by an administrative law judge and no final action based on any such findings by the DEA. The cases cited by the DEA are simply inapplicable to this case and do not stand for the proposition that Plaintiff must bring this case in the court of appeals.

The jurisdictional dispute in this case bears strong similarity to the jurisdictional dispute decided by the Supreme Court in McNary v. Haitian Refugee Center, Inc., 498 U.S. 479 (1991). In McNary, the plaintiffs brought suit in federal district court to challenge the constitutionality of procedures by which the Immigration and Naturalization Service processed applications for adjustment of immigration status. Id. at 487-88. The government argued that the plaintiffs' constitutional claims could only be asserted pursuant to a provision of the Immigration and Naturalization Act that by its terms governed "judicial review of a determination respecting an

---

[2] It is unclear whether the final revocation order followed an administrative adjudication in this particular case.

application for adjustment of status," 8 U.S.C. § 1160(e); under that provision, appeals could only be brought following an order of deportation or exclusion, and only then by petition to a federal appeals court (not a district court). Id. at 485-86.

The Supreme Court held that 8 U.S.C. § 1160(e) did not govern judicial review of the plaintiffs' challenges. McNary, 498 U.S. at 494. Importantly, the Court contrasted the language in § 1160(e) with much broader language in other judicial review statutes, such as 8 U.S.C. § 1329, which states: "The district courts of the United States shall have jurisdiction of all causes, civil and criminal, brought by the United States that arise under the provisions of this subchapter." McNary, 498 U.S. at 494. "[H]ad Congress intended the limited review provisions of [§ 1160(e)] to encompass challenges to INS procedures and practices, it could easily have used broader statutory language." Id.

The Court also noted that § 1160(e)

> provides that judicial review "shall be based solely upon the administrative record established at the time of the review by the appellate authority and the findings of fact and determinations contained in such record shall be conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole." 8 U.S.C. § 1160(e)(3)(B). This provision incorporates an assumption that the limited review provisions of [§ 1160(e)] apply only to claims that have been subjected to administrative consideration and that have resulted in the creation of an adequate administrative record.

McNary, 498 U.S. at 493. The Court then found that, "[b]ecause the administrative appeals process does not address the kind of procedural and constitutional claims respondents bring in this action, limiting judicial review of these claims to the procedures set forth in [§ 1160(e)] is not contemplated by the language of that provision." Id.

The instant case involves a judicial review provision that, like the one in McNary, is not written so broadly as to encompass all claims arising under the statute in which it is located.

6

Section 877 addresses only appeals of "final determinations, findings, and conclusions of the Attorney General"; the clear implication of McNary is that such a formulation leaves some claims arising under the CSA outside the scope of this provision. Moreover, the McNary Court refused to construe the judicial review provision at issue there as governing the plaintiffs' claims in part because the review provision was not structured to adequately address such claims. So, too, is § 877 inadequate to address Plaintiff's time-sensitive claim.

As explained in Plaintiff's opening brief, the administrative appeals process available in this case is not equipped to respond to Plaintiff's immediate need to resolve the dispute; furthermore, the court of appeals is not equipped to conduct factfinding or to issue the required preliminary injunction. And just as in McNary, the judicial review provision in this case clearly assumes the claims under review would "have been subjected to administrative consideration" which would "have resulted in the creation of an adequate administrative record." McNary, 498 U.S. at 493. For instance, § 877 refers to "[f]indings of fact by the Attorney General," and states that such findings, "if supported by substantial evidence, shall be conclusive." 21 U.S.C. § 877. Section 877 channels appeals to the courts of appeals only when such an administrative proceeding has taken place—that is the plainest reading of the provision, including its reference to "final determinations," and is the reading supported by this Court's decision in PDK. Since there was no such administrative consideration in this case, and no such administrative record was created, there was no "final determination . . . of the Attorney General" and § 877 was not triggered. This Court thus has jurisdiction under 28 U.S.C. § 1331. McNary, 498 U.S. at 494.

While there has been no "final determination" as contemplated by § 877, there has been sufficient agency action to cause Plaintiff to suffer irreparable injury such that requiring Plaintiff to exhaust its administrative remedies through an administrative hearing would result in severe prejudice to Plaintiff, as argued in Plaintiff's opening brief. At its core, the DEA's jurisdictional

7

argument amounts to a back-door attempt to force Plaintiff to exhaust administrative remedies. Such a result would be the practical import of requiring Plaintiff to file in the court of appeals, which is not constituted to engage in the factfinding, or award the immediate injunctive relief, required in cases (like this) where a plaintiff does not have sufficient time to submit to the full-scale administrative review process. It is undisputed that each and every day that goes by without the ability to import its product results in severe prejudice to Plaintiff. The Court should not require Plaintiff to exhaust administrative remedies and should exercise jurisdiction under 28 U.S.C. § 1331.

Respectfully submitted,

_____/s/_____
Terence J. Lynam (Bar No. 253872)
Joseph P. Esposito (Bar No. 375507)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4045

Samuel H. Israel
Patrick J. Egan
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
(215) 299-2886

Attorneys for Plaintiff

Date: June 15, 2006